**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **O.P. and K.H.**

**No. 21-0511** (Kanawha County 20-JA-82 and 20-JA-83)

**MEMORANDUM DECISION**

Petitioner Mother V.H., by counsel Elizabeth G. Kavitz, appeals the Circuit Court of Kanawha County's May 28, 2021, order terminating her parental rights to O.P. and K.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Katherine A. Campbell, filed a response in support of the circuit court's order. The guardian ad litem, Sharon K. Childers, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her post-adjudicatory improvement period and terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2020, the DHHR filed an abuse and neglect petition alleging that petitioner's substance abuse impaired her ability to parent the children. According to the DHHR, petitioner tested positive for THC and amphetamine the week prior to the petition's filing and sold drugs with O.P.'s father. The petition also alleged that petitioner abused drugs in front of O.P. while caring for the child and failed to properly care for the children's hygiene. Further, the DHHR alleged that the conditions in the home were inappropriate, as petitioner and the children slept together in one bed that was covered with feces. Finally, the DHHR alleged that there was a history of domestic violence between petitioner and O.P.'s father.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

Following the petition's filing, petitioner waived her preliminary hearing. At that time, petitioner admitted that she would test positive for marijuana. The court ordered that the DHHR provide petitioner with multiple services, including parenting and adult life skills education, a parental fitness evaluation, drug and alcohol screens, and domestic violence counseling. The court also ruled that petitioner could participate in supervised visitation upon proof of clean drug screens.

In July of 2020, petitioner stipulated to the allegations against her and testified that she was "waiting for a call back" from a substance abuse treatment program. The court adjudicated her as an abusing parent and granted her a post-adjudicatory improvement period.

In September of 2020, the parties appeared for a review hearing, during which the DHHR indicated that petitioner was "somewhat complying" with her improvement period but had trouble appearing for drug screens. By that point, petitioner had missed approximately twelve screens. According to petitioner's testimony, she missed a significant number of these screens because she had "kind of giv[en] up hope" and was "stuck doing it over and over." Further, petitioner was not responsive to her parenting services provider and had not begun domestic violence counseling. At that time, the court granted respondents the discretion to implement supervised visitation "if or when [petitioner] fully participate[s] with drug screening."

The following month, the court held another review hearing, during which the DHHR indicated that petitioner was more cooperative with services. The DHHR recommended supervised visitation for petitioner, but the guardian objected because "every single one of [petitioner's] drug screens" were positive. Petitioner testified at the hearing and admitted to having last abused drugs approximately twenty days prior to the hearing. Because of petitioner's ongoing substance abuse, the court denied her motion for supervised visitation. The court reiterated that visitation could occur upon three consecutive clean drug screens.

In January of 2021, the court held another review hearing. Due to her substantial compliance, the court granted petitioner's motion for her supervised visitation to be transitioned to unsupervised and overnight visitation. However, it was later discovered that petitioner had not been drug screening for weeks leading up to this hearing.

In February of 2021, K.H. disclosed to a teacher that during an unsupervised visit, the father became upset when arguing with petitioner and threw some of O.P.'s toys. One of the toys hit K.H. on the lip. In March of 2021, the court questioned petitioner about K.H.'s disclosure of domestic violence. According to the record, "the parents denied this incident and basically called [K.H.] a liar." The court also questioned petitioner about her participation in couples therapy and drug screens. At that time, it was discovered that petitioner had submitted to only one screen in 2021. Upon the guardian and DHHR's joint motion, the court terminated petitioner's improvement period but ordered that she continue to receive services. Thereafter, petitioner moved for a post-dispositional improvement period and provided records of her enrollment in an inpatient substance abuse treatment program in support of the motion.

In May of 2021, the guardian filed a report in which she recommended the termination of petitioner's parental rights. According to the guardian, since the termination of petitioner's improvement period, "the handful of drug screens that [petitioner] participated in were all positive

for methamphetamine and amphetamine." According to the guardian, petitioner consistently lied to the court, given that she never stopped abusing drugs and failed to take the proceedings seriously. The guardian also pointed to petitioner's psychological evaluation, which resulted in a guarded prognosis for improved parenting. According to the psychologist, petitioner minimized her methamphetamine use, denied past physical altercations with the father, and was dishonest about her history of involvement with Child Protective Services. Based on these facts, and the extended nature of the proceedings, the guardian recommended termination of petitioner's parental rights.

On May 10, 2021, the court held a dispositional hearing, during which it denied petitioner's request for a post-dispositional improvement period upon a finding that there had not been a substantial change in circumstances since the granting of the first improvement period. Upon the evidence, the court found that the children's best interests required termination of petitioner's parental rights and that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future. The court then terminated petitioner's parental rights.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner first argues that the circuit court erred in terminating her post-adjudicatory improvement period. According to petitioner, the court consistently commended her efforts and compliance with her services and recognized challenges presented by issues with the implementation of services. She claims termination of her improvement period was inappropriate, given her participation and her efforts at compliance in the face of unavailable services and other limitations. We do not agree.

---

[2]The children's father's parental rights were also terminated below. The permanency plan for the children is adoption in the current foster home.

The record shows that petitioner first took steps toward substance abuse treatment prior to the July of 2020 adjudicatory hearing, yet she continued to test positive for drugs throughout her improvement period. Additionally, the record shows that petitioner failed to submit to drug screens for extended periods throughout the proceedings, further demonstrating her noncompliance with the terms and conditions of her improvement period. While petitioner argues on appeal that certain factors, such as limitations on testing facilities, made her compliance with drug screens difficult, she ignores the fact that "[w]hen any improvement period is granted to a [parent] . . . , the [parent] shall be responsible for the initiation and completion of all terms of the improvement period." W. Va. Code § 49-4-610(4)(A). Further, petitioner ignores the fact that she admitted to having willfully refused to appear for a substantial number of screens simply because she did not want to comply. As such, these issues do not entitle petitioner to relief.

According to West Virginia Code § 49-4-610(7), "[u]pon the motion by any party, the court *shall* terminate any improvement period . . . when the court finds that [the parent] has failed to fully participate in the terms of the improvement period." (Emphasis added). Here, both the guardian and the DHHR moved to terminate petitioner's post-adjudicatory improvement period upon substantial evidence of her failure to fully participate, including evidence of her ongoing substance abuse, domestic violence occurring during unsupervised visits with the children, and her failure to submit to drug screens for several months. As such, we find no error in the court's termination of petitioner's post-adjudicatory improvement period.

Finally, petitioner argues that the circuit court erred in terminating her parental rights instead of imposing a less-restrictive disposition. According to petitioner, it was error to deny her motion for a post-dispositional improvement period and find that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future because she was working diligently to treat her substance abuse addiction. We do not agree. As set forth above, the record shows that despite petitioner's participation in various forms of treatment, her substance abuse continued unabated throughout the proceedings. As such, it is clear that petitioner could not demonstrate a substantial change in circumstances sufficient to entitle her to a post-dispositional improvement period. W. Va. Code § 49-4-610(3)(D) (establishing that, in order to obtain a post-dispositional improvement period after having been granted an early improvement period, a parent must "demonstrate[] that since the initial improvement period, the [parent] has experienced a substantial change in circumstances"). Further, this same evidence supports the circuit court's finding that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future.

On appeal, petitioner claims that she simply needed more time to correct her issues, but she ignores the fact that she had already exhausted the time allotted for improvement periods. According to West Virginia Code § 49-4-610(9), "no combination of any improvement periods or extensions thereto may cause a child to be in foster care more than fifteen months of the most recent twenty-two months." By disposition, the children had already been in foster care for fifteen months. As such, we find no error in the circuit court terminating petitioner's parental rights instead of allowing the proceedings to continue.

Further, petitioner was not entitled to a less-restrictive disposition because of the circuit court's findings that there was no reasonable likelihood she could substantially correct the

conditions of abuse and neglect and that termination was necessary to protect the children. According to West Virginia Code § 49-4-604(c)(6), circuit courts may terminate parental rights upon these findings. As we have explained,

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Accordingly, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 28, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: January 12, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton